No. 15-1823

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STUDENTS FOR FAIR ADMISSIONS, INC.,

*Plaintiff/Appellees*,

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),

*Defendant/Appellees*,

and

M.B., K.C., Y.D., G.E., A.G., I.G., R.H., J.L., R.S., SARAH COLE, FADHAL MOORE, ARJINI KUMARI NAWAL, ITZEL LIBERTAD VASQUEZ-RODRIGUEZ, AND KEYANNA WIGGLESWORTH,

*Proposed Defendant-Intervenors/Appellants*.

**APPELLANTS' AMENDED MOTION FOR EXPEDITED REVIEW**

Jon M. Greenbaum (*Bar No.* 95913)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel: (202) 662-8600
jgreenbaum@lawyerscommittee.org

August 11, 2015                    *Counsel for Appellants*

Pursuant to the First Circuit's calendaring procedure as described in the First Circuit Rulebook, Internal Operating Procedure VII(B), Appellants M.B., K.C., Y.D., G.E., A.G., I.G., R.H., J.L., R.S., Sarah Cole, Fadhal Moore, Arjini Kumari Nawal, Itzel Libertad Vasquez-Rodriguez, and Keyanna Wigglesworth ("the Students") originally moved on August 11, 2015 for expedited review of their appeal from the order of the district court denying them intervention. (District Court Doc. #52, June 15, 2015.) The Students have amended their motion to include a proposed schedule. Counsel for the Students has conferred with counsel for the parties. Plaintiff, Students for Fair Admission, Inc. ("SFFA"), and Defendants, The President and Fellows of Harvard College ("Harvard"), do not consent to the motion as amended.

The Students are 14 underrepresented minority students who either intend to apply, some within the next few months, to Harvard College or attend Harvard currently. On April 29, 2015, they moved to intervene in this case, seeking to exercise their rights to defend their interests as beneficiaries of Harvard's current admissions policy, which aims to increase racial diversity at the school. Neither of the parties will adequately protect those interests because each Party has interests that diverge from, and are inconsistent with, those of the Students in material respects. For example, contrary to the parties' positions, the Students oppose any

1

increase in reliance by Harvard on the SAT because of the disparate impact such reliance has on them and underrepresented minority peers.

Expedited review of the Students' appeal is critical to prevent undue prejudice to the Students, as well as undue burdens on the parties and the district court. Although the district court granted the Students amicus status, this status is insufficient to permit the Students to mount an adequate defense of their interests. Without timely and fully participating in discovery, the Students will be unable to enrich the record by establishing evidence on critical issues, such as the discriminatory effect of the SAT and Harvard's history of discrimination against underrepresented minorities, that neither of the parties has an incentive to explore. Discovery is currently proceeding in the district court and allowing it to continue during the pendency of the Students' appeal risks depriving the Students of the ability ever to fully participate in important portions of the discovery process, even if this Court ultimately rules that the Students have the right to participate as parties. Accordingly, expediting a decision by this Court on intervention by the Students is critical to prevent potentially irreparable harm to their interests.

Expedited review is also in the interest of both parties and the district court. Should this Court reverse the district court's order on the Students' motion to intervene after substantial discovery has taken place, additional depositions involving many of the same witnesses will be needed to address the Students' claims.

Such a second, repetitive phase of discovery would impose an undue burden on the witnesses, the parties, and the court, which can be avoided by expediting review of the Students' appeal.

Expedited review also advances judicial economy in light of the independent motion to stay that Harvard has filed in the district court. Harvard has asked the district court to pause all proceedings, including discovery, pending a decision by the Supreme Court in *Fisher v. University of Texas at Austin*, No. 14-981 (*Fisher II*). If the district court grants Harvard's request for a stay pending resolution of *Fisher II*, as is fully warranted, expedited review of the Students' appeal will likely ensure that the district court case is ready to proceed again by the time *Fisher II* is decided.

Expedited appellate proceedings will not prejudice either party, each of which has already developed and briefed its arguments regarding the Students' proposed intervention. Indeed, both parties and the court have an interest in having the question of the Students' right to intervene resolved as soon as possible so that pre-trial proceedings may take place with a clear understanding of the Students' role in the case.

This Court granted expedited review in a very similar situation in *Cotter v. City of Boston*, Case No. 00-1056 (1st Cir.). The proposed intervenors there were the Massachusetts Association of Minority Law Enforcement Officers and two

African American police sergeants whose promotions were being challenged by white officers who argued that they were unlawfully motivated by the goal of racial diversity. The Court granted expedited review and ultimately held that the proponents had the right to intervene. *Id.*, Order Granting Expedited Review, Feb. 8, 2000; *Cotter v. Mass. Ass'n of Minority Law Enforcement Officers*, 219 F.3d 31 (1st Cir. 2000). The district court amended the discovery schedule for their inclusion. *Cotter v. City of Boston*, Order Amending Scheduling Order, Case No. 99-CV-11101, Sept. 10, 2000. A similar result is warranted here.

The Students have filed a motion in the district court to stay proceedings there pending their appeal. If the district court grants the stay, expedited appellate proceedings will limit the length of the stay and minimize the burden of delay on the parties. If the district court denies the motion for a stay, the Students plan to move this Court, pursuant to Federal Rule of Appellate Procedure 8, for an order directing the district court to issue a stay. It is, however, premature for the Students to make that request and so they move only for expedited review at this time.

The Students propose the following schedule: Appellants file their opening brief on or before September 2, 2015; Appellees file their responsive briefs on or before Wednesday, September 23, 2015; and Appellants file their reply brief on or before October 5, 2015. The Students also request that the Court hold oral argument as soon as possible after the conclusion of briefing.

For the foregoing reasons, the Students request that this Court grant their instant Amended Motion for Expedited Review.

                              Respectfully submitted,

                              /s/ Jon M. Greenbaum
                              Jon M. Greenbaum, *Bar No.* 95913
                              LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
                              1401 New York Avenue, NW, Suite 400
                              Washington, DC 20005
                              Tel: (202) 662-8600
                              jgreenbaum@lawyerscommittee.org

August 11, 2015                    *Counsel for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2015, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. I certify that service will be accomplished by the appellate CM/ECF system.

/s/ Jon M. Greenbaum
Jon M. Greenbaum
*Bar No.* 95913
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel: (202) 662-8600
jgreenbaum@lawyerscommittee.org

*Counsel for Appellants*