

Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
www.consovoymccarthy.com

November 19, 2015

**VIA ECF**

Margaret Carter
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:    *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*
              Case No. 15-1823

Dear Ms. Carter:

Appellee Students for Fair Admissions, Inc. ("SFFA") respectfully submits this response to the Rule 28(j) letter filed by counsel for the Appellants ("the Students") in this case on November 17, 2015.

*First*, the use of a Rule 28(j) letter to cite a case decided by this Court more than twenty years ago is procedurally improper. Rule 28(j) is not an opportunity for parties to raise new arguments or to revise the manner in which existing arguments were presented. Rather, "such letters are intended to provide the court with *new* authority"—*i.e.*, "a decision that did not exist at the time of the briefing." *United States v. Cordoza-Estrada*, 385 F.3d 56, 59 (1st Cir. 2004) (emphasis added). *See United States v. Rodriguez-Lozada*, 558 F.3d 29, 38 n.4 (1st Cir. 2009) ("Rule 28(j) provides a mechanism for a party to advise the court of 'pertinent and significant authorities' that *come to light after the brief is filed or after oral argument*.") (emphasis added). The Students' letter should be disregarded on that basis alone.

*Second*, the discussion in *Conservation Law Foundation v. Franklin*, 989 F.2d 54 (1st Cir. 1993), about the standards for vacating a consent decree does nothing to address the pertinent question extensively discussed in the briefing and at argument: whether the District Court abused its discretion in determining that the Students' interests, whatever they were, did not satisfy Rule 24(a)(2)'s standard to qualify as a legally protectable interest—particularly after the Supreme Court's decision in *Schuette v. Coalition to Defend Affirmative Action, Integration & Immigrant Rights & Fight for Equality by Any Means Necessary (BAMN)*, 134 S. Ct. 1623 (2014). *See, e.g.*, SFFA's Br. at 9-15; Reply Br. at 4-7. *Franklin* does not address this question at all.

*Third*, and finally, the discussion of consent decrees in *Franklin* says nothing about the *other* requirements of Rule 24(a)(2), including the Students' failure to overcome the presumption that Harvard would adequately represent the Students' interest as it vigorously defends its use of race in the admissions process.

                                                Sincerely,

                                                s/ *Patrick Strawbridge*